His Honor, JOHN bT. PAUL,
rendered the opinion and decree of the 'Court, as follows:
Plaintiff prepared specifications for a building calling for a “vapor steam heating system,” followed by detailed specifications as to how same was to be constructed. At the time the specifications were drawn he did not know the difference between a “vapor steam” system and an ordinary steam system; but'he now knows the. difference and that the vapor steam system would cost “a little more” than the other; and hence “none of the special appliances which are .absolutely necessary for a vapor system of heating are specified or explicitly named in the specification.” (Doc. P. 11, p. 3.
*481 Defendant, bid on and obtained tbe contract; .apparently followed tbe detailed specifications (since there is not a line of evidence to the contrary, or a word of complaint on that score) and when they had finished their work were paid for it in full. They claim that the specifications in detail called for, and that they installed, a ‘ ‘ low pressure steam system. ’ ’
As we read the evidence the difference between the two systems, is not made very clear or else does not appear very substantial. It seems rather a matter of preference to be decided by individual judgment or choice. And in our opinion' that is not the bone of contention in this case. ' '
The real contention on the part of plaintiff is that the system as installed did not work satisfactorily and furnish the amount of heat called for by the specifications; that is, it did not comply with the “guarantee” that the apparatus when erected should be capable of heating the whole house to 70 degrees when the outside temperature was 15-degrees.
The defendant on the other hand contend that the apparatus was up to the guarantee and would have main-tai-ned that temperature had the house been kept moderately. tight and the apparatus not been left in charge of an incompetent employee.
'That to satisfy plaintiff they made all changes demanded by him and on three several occasions operated the apparatus to the satisfaction of the owner, but as soon as they had left, the apparatus was permitted to get out of order through incompetent handling.
Of course, the testimony as to all this is utterly and hopelessly conflicting. And as no actual test of the ap *482 parafus was ever made in the- presence of "both parties it is impossible to say who is right and who is wrong.
Opinion and decree, June 12th, 1916.
Rehearing granted, June 30th, 1916.
But this much is certain, that for at least two winters the apparatus was used by the owner (though often complaining) and at the end of that time he had the whole system practically remodeled in its entirety at a cost of $332, for which remodeling defendants are now asked to pay.
But the trial Judge found that the defendants were right in sticking to the details in preference to the caption of the specifications and that “the error was apparently in the specifications and not in the work as erected.”
In these conclusions, we feel that the District Judge was right and his judgment should therefore be affirmed.
Judgment affirmed.